156 Wis.2d 338 (1990)
456 N.W.2d 867
STATE EX REL. N.A., Petitioner-Respondent,[]
v.
G.S., Respondent-Appellant.
No. 89-1553.
Court of Appeals of Wisconsin.
Submitted on briefs March 7, 1990.
Decided April 17, 1990.
*339 On behalf of the respondent-appellant, the cause was submitted on the briefs of Kenneth P. Casey, chief of the appellate division.
On behalf of the respondent-appellant, the cause was submitted on the brief of Thomas R. Marlier, corporation counsel for Barron County.
Before Cane, P.J., LaRocque and Myse, JJ.
CANE, P.J.
G.S. appeals an order finding him in contempt for failure to pay court-ordered child support and requiring him to begin employment within thirty days or face a thirty-day jail term. G.S. contends that the order is an abuse of discretion in a remedial (civil) contempt proceeding because he is denied an opportunity to purge the contempt order by compliance. We *340 agree and hold that because the order does not allow G.S. the ability to purge while incarcerated, the order should be reversed and the cause remanded for appropriate contempt proceedings to impose remedial or punitive (criminal) sanctions.
In 1981, N.A. commenced an action against G.S. alleging that he was the father of her child, J.M.D., born in 1978. Following blood tests, G.S. admitted to paternity. G.S. was ordered to pay $30 per week in child support. Over the next eight years, G.S. made only sporadic payments. In 1989, the Barron County corporation counsel filed an order to show cause requesting that G.S. be held in contempt for violating the 1981 order and further requesting that the court impose remedial sanctions.
On January 11, 1990, an evidentiary hearing was held at which G.S. was the only witness. In testimony supported by his income tax returns, G.S. stated that from 1982-88, he had never earned more than $6,600 per year, and for several years had attended technical school and earned nothing. In 1988, G.S.'s only sources of income were part-time service in the National Guard, $175 per month; and food stamps, $80 per month. G.S. further testified that he had shoulder problems that limited his employment opportunities. In the two months prior to the hearing, G.S. had been required to make twenty-four contacts seeking employment, but he failed to obtain a job in this manner.
The court held G.S. in contempt and ordered him to serve a thirty-day jail sentence without work release privileges. The court gave G.S. thirty days to purge the contempt order by finding and holding a job. In addition, the court reduced G.S.'s child support obligation from $30 per week to $30 per month and waived the requirement *341 that G.S. make twelve job contacts a month during the term of his jail sentence. G.S. appeals that order.
[1]
The trial court's use of its contempt power is reviewed for an abuse of discretion. State v. A.W.O., 117 Wis. 2d 120, 126-27, 344 N.W.2d 200, 203-04 (Ct. App. 1983). G.S. does not quarrel with the trial court's finding of contempt. The court found that G.S. could have worked and paid child support during the period following the 1981 order. Ample evidence supports that finding. However, G.S. objects to the thirty-day jail sentence because it denies him the opportunity to purge the contempt order while incarcerated.
[2, 3]
There are two types of sanctions that may be imposed for contempt of court, remedial and punitive. Sec. 785.03(1)(a) and (b), Stats. A remedial sanction means a sanction imposed for the purpose of terminating a continued contempt. Sec. 785.01(3), Stats. The remedies authorized by statute are the exclusive remedies available, and punitive sanctions may not be imposed in remedial sanction proceedings.
If the sanction provided is a sentence of imprisonment, it is remedial if "the defendant stands committed unless and until he performs the affirmative act required by the court's order." Hicks ex rel. Feiock v. Feiock, 108 S. Ct. 1423, 1429 (1988) (quoting Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 441 (1911)). The conditional nature of the punishment renders the relief civil in nature because the contemnor "can end the sentence and discharge himself at any moment by doing what he had previously refused to do." Id. at 1430 (quoting Gompers, 221 U.S. at 442).
*342 [4]
Remedial contempt looks to present and future compliance with court orders, and the sanction must be purgeable through compliance. State v. King, 82 Wis. 2d 124, 130, 262 N.W.2d 80, 83 (1978). The purge provision must clearly spell out what the contemnor must do to be purged, and that action must be within the power of the person. Schroeder v. Schroeder, 100 Wis. 2d 625, 638, 302 N.W.2d 475, 482 (1981). Thus, it is often said that contemnors "hold the keys to their own jails." King, 82 Wis. 2d at 137, 262 N.W.2d at 86.
A sentence limited to imprisonment for a definite period is permitted only in a punitive sanction proceeding. The unconditional nature of the punishment renders the relief criminal in nature because the defendant "cannot undo or remedy what has been done nor afford any compensation" and the contemnor "cannot shorten the term by promising not to repeat the offense." Hicks, 108 S. Ct. at 1430 (quoting Gompers, 221 U.S. at 442).
[5]
As the order is now structured, G.S. cannot find and hold a job while serving time in the county jail. As such, despite the remedial nature of the proceedings, the sanction is punitive because once G.S. is jailed he must serve a determinate thirty-day sentence without the possibility of purging the sentence through compliance with the court order. Because the contempt order is punitive, it must be reversed because G.S. was not sanctioned in accordance with the procedures outlined in sec. 785.03(1)(b), Stats.[1]
*343 [6]
We also note that in the case of remedial sanctions, compliance with the purge provision must be in the power of the contemnor. This requirement applies regardless of whether the contemnor has been incarcerated or the sentence meted out has been stayed. Whether an act is within the contemnor's power is a finding of fact that will not be disturbed unless it is clearly erroneous. See Currie v. Schwalbach, 139 Wis. 2d 544, 551-52, 407 N.W.2d 862, 865 (1987). However, finding and holding a job is clearly not solely within G.S.'s control. Hiring G.S. is an affirmative act by another individual and, therefore, it is an abuse of the court's discretion to order this type of purge provision.
Should the prosecutor find on remand that a jail sentence is appropriate and necessary to remind G.S. of the serious nature of his obligations, he is free to commence a punitive sanction proceeding. However, unless punitive sanction proceedings are forthcoming, we remand for the imposition of a remedial sanction, including an appropriate purge provision.
By the Court.Order reversed and cause remanded.
NOTES
[] Petition to review denied.
[1] Cf. B.L.P. v. Circuit Court for Racine County, 118 Wis. 2d 33, 345 N.W.2d 510 (Ct. App. 1984). In that case, this court upheld a civil contempt order containing a purge provision requiring a juvenile to attend school for 30 days or face secure detention. Several factors differentiate B.L.P. from the case at hand. B.L.P. involved a juvenile proceeding with additional procedural safeguards and a "best interests of the child" standard that applied throughout the contempt proceedings. Id. at 42-43, 345 N.W.2d at 515. These procedures included an additional hearing following a failure to purge. Id. This court also noted that "[i]n all practicality, it may not often be possible" to apply remedial contempt sanctions in a juvenile proceeding. Id. at 44, 345 N.W.2d at 516. Finally, B.L.P. was decided pre-Hicks, which clearly delineated remedial and punitive contempt on federal constitutional grounds.